Parker, C. J.
We think the appointment to the place of an engine-man gives an exemption from military duty, as well in independent or volunteer companies as in those of the standing militia, they being different modifications only of the same duty; and that the enlistment being voluntary makes no difference, as it was merely a choice of the mode in which he would perform his service in the militia; also that the 14th article of the 34th section must be construed to operate upon exemptions existing at the time of the enlistment, they being waived by the enlistment. In the case before us, the appointment was subsequent to the enlistment; and this new duty gave the right to be exonerated from militia service.
But we think that the provision in the section containing the exemptions, that engine-men must produce annually a certificate of their appointment, was intended to protect the commander and clerk of the company from trouble and expense, which might be incurred by causing prosecutions where they might have no knowledge of the exemption; and that the period of eight days allowed by the statute is applicable to excuses, and not to exemptions, which need no excuse.
We are of opinion, therefore, that, at the time of the muster or training, for absenting himself from which the respondent was adjudged to pay a fine, he was not exempt, not having then produced his certificate to the commanding officer of the company.

Proceedings affirmed.